This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                    **No. A-1-CA-36443**

**DAVID C DE BACA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANDOVAL COUNTY**
**George P. Eichwald, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

D. Eric Hannum
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**ZAMORA, Judge.**

{1}     Defendant David C de Baca appeals from his conviction for criminal sexual contact of a minor in the third degree. This Court filed a notice of proposed

disposition proposing to summarily affirm. Defendant filed a memorandum in opposition to the proposed disposition. Having considered Defendant's arguments, and not being persuaded by them, we affirm.

{2} Defendant argues that this Court's calendar notice misapprehends his theory of relevance. [MIO 2] Specifically, Defendant asserts that he does not claim that the proffered psychological testimony would have supported a theory of fabrication, but that the excluded testimony was intended to explain to the jury that the victim's prior sexual abuse could have led to a misperception on her part. [Id.] Defendant contends that the trial court's exclusion of the explanatory psychological testimony deprived him of his right to present a full and fair defense and his right of confrontation. [Id. 3-4]

{3} Absent reliance on a well recognized theory of relevance, this Court surmised from the arguments asserted in the docketing statement that Defendant was relying on a motive to fabricate theory. [DS 3; CN 3] *See State v. Johnson*, 1997-NMSC-036, ¶ 9, 123 N.M. 640, 944 P.2d 869 (indicating that the identifiable bases for the admissibility of evidence of prior sexual conduct is "to show bias, motive to fabricate or for other purposes consistent with the constitutional right").

{4} We start from the premise that as a general rule, the testimony proffered by Defendant was inadmissible, s*ee* Rule 11-412(A) NMRA (stating that "evidence

offered to prove that a victim engaged in other sexual behavior" is not admissible), and Defendant had the burden of justifying an exception, *see* Rule 11-412(B) (providing that "[t]he court may admit evidence of the victim's past sexual conduct that is material and relevant to the case when the inflammatory or prejudicial nature does not outweigh its probative value"). Our cases have left the balancing of prejudicial effect against probative value to the discretion of the trial judge. *See Johnson*, 1997-NMSC-036, ¶ 20 ("[O]ur statute, rule, and cases rely on the trial court judge to identify theories of relevance as well as to exercise discretion, balance prejudicial effect against probative value, and thus determine admissibility on a case by case basis."). Evidence of prior sexual abuse perpetrated against a victim is not sufficient in itself to show a tendency or bias toward misinterpreting sexual cues or hypersensitizing normal touching. *See id*. ¶ 32 ("[I]n order to enable the trial court to perform its role in identifying a theory of relevance prior to balancing probative value against prejudice, a defendant must show sufficient facts to support a particular theory of relevance."). Defendant asserts that the proffered psychological testimony was relevant because it served as an explanation for the victim's mistaken perception that she had been sexually abused by Defendant. [MIO 2] Even assuming that showing the victim had been sexually abused by an older step brother was sufficient to show such a tendency, Defendant failed to show that the probative value of admitting evidence

3

of the victim's prior sexual abuse, as obtained from police reports concerning the incident [DS 3], was equal to or outweighed its inherent prejudicial effect. Therefore, we are not persuaded that the trial court abused its discretion in rejecting the proffered evidence.

{5}     Defendant further suggests that *Montoya v. Ulibarri*, 2007-NMSC-035, 142 N.M. 89, 163 P.3d 476, provides a more appropriate framework for analyzing the district court's denial of his motion for a new trial than does *State v. Volpato*, 1985-NMSC-017, 102 N.M. 383, 696 P.2d 471. [MIO 4] Reiterating the Supreme Court's holding that the deprivation of life or liberty of an actual innocent person is inconsistent with our state constitutional guarantees of due process and against cruel and unusual punishment, Defendant asserts that because he pled not guilty, and continues to assert his actual innocence, his motion for a new trial is more properly analyzed under the rubric of *Montoya* rather than *Volpato*. [Id.] We disagree.

{6}     *Montoya* involved an appeal from the denial of a habeas corpus petition, wherein the Supreme Court held that "[t]o ensure that the principles of fairness within the New Mexico Constitution are protected . . . . that a habeas petitioner must be permitted to assert a claim of actual innocence in his habeas petition." *Montoya*, 2007-NMSC-035, ¶ 23. The rationale is that habeas corpus is the final and ultimate judicial inquiry into the fundamental fairness of a judicial proceeding convicting and

4

sentencing a defendant. *Id. Volpato*, which states the requirements for granting a new trial, is directly applicable to the issue here. *See* 1985-NMSC-017, ¶ 7. Aside from suggesting that *Montoya* provides a more appropriate framework, Defendant does not point to any error in this Court's application of *Volpato* to the facts in this case. [MIO 4] *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 ("A party responding to a summary calendar notice must come forward and specifically point out errors of law and fact."). Accordingly, we affirm.

{7}     For these reasons and those stated in the calendar notice, we affirm Defendant's conviction.

{8}     **IT IS SO ORDERED.**


_____
                                         **M. MONICA ZAMORA, Judge**

**WE CONCUR:**


_____
**LINDA M. VANZI, Chief Judge**


_____
**EMIL M. KIEHNE, Judge**

5